_____

LEILA BOTAKHANOVA, YULIA GRADOBOEVA,
INGA DOLGOVA, individually and on behalf of all others
similarly situated,

          Plaintiffs,

      v.

APPLE COMMUTER INC., BIREN J. SHAH, EDISON
MANAGEMENT CO. LLC, 237 WEST 54 OWNER LLC,
HHLP DUO THREE LESSEE LLC, PATEL
KHANBUDHAI, NEW GENERATION MANAGEMENT
CORP., WOLCOTT HOTEL CO., S&G HOTEL CORP., EROS
MANAGEMENT & REALTY LLC, THE SHOREHAM LLC,
ALPHONSE HOTEL CORP., RPH HOTELS 51 STREET
OWNER LLC, HHLP 52 LESSEE LLC, EXECUTIVE LE
SOLEIL NEW YORK LLC, BRISAM MANAGEMENT DE
LLC, 228 WEST 47 STREET JOHN/JANE DOE, 228 WEST 47
STREET XYZ CORP., 237 WEST 54 STREET JOHN/JANE
DOE, 237 WEST 54 STREET XYZ CORP., 343 WEST 39
STREET JOHN/JANE DOE, 343 WEST 39 STREET XYZ
CORP., 18 WEST 25 STREET JOHN/JANE DOE, 18 WEST
25 STREET XYZ COPR., 17 WEST 32 STREET JOHN/JANE
DOE, 17 WEST 32 STREET XYZ CORP., 4 WEST 31
STREET JOHN/JANE DOE, 4 WEST 31 STREET XYZ
COPR., 109 WEST 45 STREET JOHN/JANE DOE, 109
WEST 45 STREET XYZ CORP., 345 WEST 35 STREET
JOHN/JANE DOE, 345 WEST 35 STREET XYZ CORP., 33
WEST 55 STREET JOHN/JANE DOE, 33 WEST 55 STREET
XYZ CORP., 250 WEST 43 STREET JOHN/JANE DOE, 250
WEST 43 STREET XYZ CORP., 851 EIGHTH AVENUE
JOHN/JANE DOE, 851 EIGHTH AVENUE XYZ CORP., 206
EAST 52 STREET JOHN/JANE DOE, 206 WEST 52 STREET
XYZ CORP., 38 WEST 36 STREET JOHN/JANE DOE, 38
WEST 36 STREET XYZ CORP., 232 WEST 39 STREET
JOHN/JANE DOE, 232 WEST 39 STREET XYZ CORP.

          Defendants.

Civil Action No. 17-CV-4296

**JURY TRIAL DEMANDED**

**CLASS ACTION
COMPLAINT**

_____

# COMPLAINT

Plaintiffs Leila Botakhanova ("Botakhanova"), Yulia Gradoboeva ("Gradoboeva"), and Inga Dolgova ("Dolgova," with Botakhanova, Gradoboeva, and Dolgova collectively referred to herein as "Plaintiffs"), individually and on behalf of all other similarly situated workers, by and through the undersigned counsel, hereby set forth the following allegations against Defendants Apple Commuter Inc., Biren J. Shaw, Edison Management Co. LLC, 237 West 54 Owner LLC, HHLP Duo Three Lessee LLC, Patel Khanbudhai, New Generation Management Corp., Wolcott Hotel Co., S&G Hotel Corp., EROS Management & Realty LLC, The Shoreham LLC, Alphonse Hotel Corp, RPH Hotels 51 Street Owner LLC, HHLP 52 Lessee LLC, Executive Le Soleil New York LLC, Brisam Management DE LLC, 228 West 47 Street John/Jane Doe, 228 West 47 Street XYZ Corp., 237 West 54 Street John/Jane Doe, 237 West 54 Street XYZ Corp., 343 West 39 Street John/Jane Doe, 343 West 39 Street XYZ Corp., 18 West 25 Street John/Jane Doe, 18 West 25 Street XYZ Corp., 17 West 32 Street John/Jane Doe, 17 West 32 Street XYZ Corp., 4 West 31 Street John/Jane Doe, 4 West 31 Street XYZ Corp., 109 West 45 Street John/Jane Doe, 109 West 45 Street XYZ Corp., 345 West 35 Street John/Jane Doe, 345 West 35 Street XYZ Corp., 109 West 45 Street John/Jane Doe, 109 West 45 Street XYZ Corp., 345 West 35 Street John/Jane Doe, 345 West 35 Street XYZ Corp., 33 West 55 Street John/Jane Doe, 33 West 55 Street XYZ Corp.,, 250 West 43 Street John/Jane Doe, 250 West 43 Street XYZ Corp., 851 Eighth Avenue John/Jane Doe, 851 Eighth Avenue XYZ Corp., 206 East 52 Street John/Jane Doe, 206 East 52 Street CYZ Corp., 38 West 36 Street John/Jane Doe, 38 West 36 Street XYZ Corp., 232 West 39 Street John/Jane Doe, and 232 West 39 Street XYZ Corp., (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), under 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 650 *et seq.*, as well as supporting New York State Department of Labor Regulations

(collectively "NYLL"), specifically New York Codes, Rules and Regulations ("NYCRR") § 146 *et seq.*

## **NATURE OF THE ACTION**

1.  This is a proceeding for monetary damages and equitable relief relating to Defendants' violations of the FLSA, concerning Plaintiffs and those workers similarly situated ("Collective Action Members"). Additionally, Plaintiffs bring claims based on Defendants' violations of the NYLL, pursuant to Fed. R. Civ. P. 23, on behalf of a class of concierge workers of Defendants with similar compensation structures ("Class Action Members").

2.  Plaintiffs' causes of action arise from Defendants' systematic pattern of preying upon and exploiting female immigrant workers, particularly ones that are undocumented.

3.  The multi-layered scheme begins with Defendant Biren J. Shah, who owns and operates a business under the trade name "Apple Commuter Inc." The company holds itself out as a provider of transportation and concierge staffing services for major hotels throughout New York City. Its sole function is to supply the hotels with airport drivers and concierge desk staff.

4.  The concierge workers are, for all intents and purposes, employees of the hotels. Their work is essentially limited to the premises of the hotels, they take instruction and orders from superiors employed by the hotels, and it is impossible to distinguish them from other hotel personnel. These indirect employment operations are simply an attempt to disguise the true nature of the employment relationships and to disassociate the hotels from compromising and actionable practices.

5.  Specifically, Defendant Shah, through his company, has staffed the following hotels (herein "Hotel Defendants"), with Plaintiffs and other similarly situated workers:

| Hotel | Address | Managing Entity/Defendant | Other Affiliates |
|---|---|---|---|
| Edison Hotel | 228 West 47 Street, New York, NY | Edison Management Co. LLC | 228 West 47 Street John/Jane Doe 228 West 47 Street XYZ Corp. |
| Hilton Hotel 54 | 237 West 54 Street, New York, NY | 237 West 54 Owner LLC | 237 West 54 Street John/Jane Doe 237 West 54 Street XYZ Corp. |
| Holiday Inn | 343 West 39 Street, New York, NY | HHLP Duo Three Lessee LLC | 343 West 39 Street John/Jane Doe 343 West 39 Street XYZ Corp. |
| Comfort Inn-Chelsea | 18 West 25 Street, New York, NY | Patel Khanbudhai | 18 West 25 Street John/Jane Doe 18 West 25 Street XYZ Corp. |
| La Quinta | 17 West 32 Street, New York, NY | New Generation Management Corp. | 17 West 32 Street John/Jane Doe 17 West 32 Street XYZ Corp. |
| Wolcott Hotel | 4 West 31 Street, New York, NY | Wolcott Hotel Co. | 4 West 31 Street John/Jane Doe 4 West 31 Street XYZ Corp. |
| St. James Hotel | 109 West 45 Street, New York, NY | S&G Hotel Corp. | 109 West 45 Street John/Jane Doe 109 West 45 Street XYZ Corp. |
| TRYP by Wyndham | 345 West 35 Street, New York, NY | EROS Management & Realty LLC | 345 West 35 Street John/Jane Doe 345 West 35 Street XYZ Corp. |
| Shoreham Hotel | 33 West 55 Street, New York, NY | The Shoreham LLC | 33 West 55 Street John/Jane Doe 33 West 55 Street XYZ Corp. |
| Hotel Carter | 250 West 43 Street, New York, NY | Alphonse Hotel Corp. | 250 West 43 Street John/Jane Doe 250 West 43 Street XYZ Corp. |
| Hampton Inn-Times Square North | 851 Eighth Avenue, New York, NY | RPH Hotels 51 Street Owner LLC | 851 Eighth Avenue John/Jane Doe 851 Eighth Avenue XYZ Corp. |
| Hilton Garden Inn-Manhattan | 206 East 52 Street, New York, NY | HHLP 52 Lessee LLC | 206 East 52 Street John/Jane Doe 206 East 52 Street XYZ Corp. |
| Executive Hotel Le Soleil New York | 38 West 36 Street, New York, NY | Executive Le Soleil New York LLC | 38 West 36 Street John/Jane Doe 38 West 36 Street XYZ Corp. |
| Holiday Inn Express | 232 West 39 Street, New York, NY | Brisam Management DE LLC | 232 West 39 Street John/Jane Doe 232 West 39 Street XYZ Corp. |

1.      Apple Commuter Inc.'s business model relies on the company's ability to prey upon vulnerable, newly-arrived immigrant women. Defendant Shah specifically hunts and targets young women, with questionable immigration statuses, whose psyches have already been debilitated by poverty, separation from their families, and, oftentimes, years of abuse.

2.      After luring the women in with promises of a better future, Defendant Shah exploits them by mandating that they work unspeakable hours in consideration for legally insufficient and morally reprehensible compensation. The slightest of objections are met with threats, scare tactics, and intimidation, so as to allow the Defendants to continue to capitalize on these women.

3.      As a result, Plaintiffs and other similarly situated workers were, and continue to be, compelled to labor five (5) to seven (7) days per week, in excess of twelve (12) hours per day, for compensation of merely $5.00 per hour, and with no overtime pay. Defendants have regularly and deliberately denied Plaintiffs and other similarly situated workers minimum wage, overtime compensation, and "spread of hours" pay.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. In addition, the Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b).

5.      Plaintiffs invoke supplemental jurisdiction over claims arising under New York law pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiffs were and/or are employed by Defendants in this district.

## THE PARTIES

7.     Plaintiffs are individuals, of legal age, and residents of Kings and Queens County, New York. At all relevant times, Plaintiffs were employed by Defendants as concierge workers. Botakhanova has worked for the Defendants since November 2016, and continues to do so. Gradoboeva worked for the Defendants from March 16, 2015 until January 10, 2017. Dolgova worked for the Defendants from August 24, 2016 until January 7, 2017.

8.     Defendant Apple Commuter Inc. is a domestic corporation, organized under the laws of the State of New York, with an address for service of process and corporate headquarters located at 370 Hillside Avenue, New Hyde Park, New York 10040 and a principal place of business located at 3934 21st Street, Long Island City, New York 11101.

9.     Defendant Biren J. Shah is an owner and officer of Defendant Apple Commuter Inc. Defendant Shah exercises operational control over the entity and through it, supplies the Hotel Defendants with concierge staffing services.

10.     Defendant Edison Management Co. LLC is a New York limited liability Company that owns and operates Edison Hotel, a lodging establishment located at 228 West 47th Street, New York, New York 10036.

11.     Defendant 237 West 54 Owner LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Hilton Hotel 54, a lodging establishment located at 237 West 54th Street, New York, New York 10019.

12.     Defendant HHLP Duo Three Lessee LLC is a Delaware limited liability company, whose authority to do business in New York is no longer active, that owns and operates Holiday Inn, a lodging establishment located at 343 West 39 Street, New York, New York 10018.

13.     Defendant Patel Khanbudhai is an individual that owns and operates Comfort Inn-Chelsea, a lodging establishment located at 18 West 25 Street, New York, New York 10010.

14. Defendant New Generation Management Corp. is a New York corporation that owns and operates La Quinta, a lodging establishment located at 17 West 32 Street, New York, New York 10001.

15. Defendant Wolcott Hotel Co. is a New York entity that owns and operates Wolcott Hotel, a lodging establishment located at 4 West 31 Street, New York, New York 10001.

16. Defendant S&G Hotel Corp. is a New York corporation that owns and operates St. James Hotel, a lodging establishment located at 109 West 45 Street, New York, New York 10036.

17. Defendant EROS Management & Realty LLC is a New York limited liability company that owns and operates TRYP by Wyndham, a lodging establishment located at 345 West 35 Street, New York, New York 10001.

18. Defendant The Shoreham LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Shoreham Hotel, a lodging establishment located at 33 West 55 Street, New York, New York 10019.

19. Defendant Alphonse Hotel Corp. is a New York corporation that owns and operates Hotel Carter, a lodging establishment located at 250 West 43 Street, New York, New York 10036.

20. Defendant RPH Hotels 51 Street Owner LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Hampton Inn-Times Square North, a lodging establishment located at 851 Eighth Avenue, New York, New York 10019.

21. Defendant HHLP 52 Lessee LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Hilton Garden-Inn Manhattan, a lodging establishment located at 206 East 52 Street, New York, New York 10022.

22. Defendant Executive Le Soleil New York LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Executive Hotel Le

Soleil New York, a lodging establishment located at 38 West 36 Street, New York, New York 10018.

23. Defendant Brisam Management DE LLC is a Delaware limited liability company, authorized to do business in New York, that owns and operates Holiday Inn Express, a lodging establishment located at 232 West 39 Street, New York, New York 10018.

24. Defendants 228 West 47 Street John/Jane Doe, 237 West 54 Street John/Jane Doe, 343 West 39 Street John/Jane Doe, 18 West 25 Street John/Jane Doe, 17 West 32 Street John/Jane Doe, 4 West 31 Street John/Jane Doe, 109 West 45 Street John/Jane Doe, 345 West 35 Street John/Jane Doe, 109 West 45 Street John/Jane Doe, 345 West 35 Street John/Jane Doe, 33 West 55 Street John/Jane Doe, 250 West 43 Street John/Jane Doe, 851 Eighth Avenue John/Jane Doe, 206 East 52 Street John/Jane Doe, 38 West 36 Street John/Jane Doe, and 232 West 39 Street John/Jane Doe are individuals who have yet to be identified, that by their actions or policies, contributed to the complained of conduct and thus may be liable to Plaintiff and those workers similarly situated.

25. Defendants 228 West 47 Street XYZ Corp., 237 West 54 Street XYZ Corp., 343 West 39 Street XYZ Corp., 18 West 25 Street XYZ Corp., 17 West 32 Street XYZ Corp., 4 West 31 Street XYZ Corp., 109 West 45 Street XYZ Corp., 345 West 35 Street XYZ Corp., 109 West 45 Street XYZ Corp., 345 West 35 Street XYZ Corp., 33 West 55 Street XYZ Corp., 250 West 43 Street XYZ Corp., 851 Eighth Avenue XYZ Corp., 206 East 52 Street XYZ Corp., 38 West 36 Street XYZ Corp., and 232 West 39 Street XYZ Corp. are entities who have yet to be identified, that either own or control entities legally responsible for the actions complained of.

## FACTUAL ALLEGATIONS

### *Individual Allegations Against Defendant Shah*

26. Defendant Apple Commuter Inc. is a staffing agency, owned and operated by Defendant Shah, that supplies transportation and concierge services to the Hotel Defendants.

27.    The operation and success of Defendant Shah's business rests upon a policy of victimizing "easy targets." Particularly, Defendant Shah seeks out and preys upon vulnerable young women, who are often recently arrived, undocumented immigrants.

28.    Defendant Shah recruits the women to work in the lodging establishments through promises of safety, stability, and lucrative futures.

29.    When the women ultimately acquiesce, Defendant Shah makes them execute a contract that imposes various rules, duties, and obligations upon them. Said contract is kept only by Apple Commuter Inc. and the workers are never given a copy, even upon request.

30.    In this manner, Defendant Shah targeted Plaintiffs and those similarly situated.

31.    Once workers are committed, Defendant Shah directs their daily actions. Through text messages and telephone calls, he issues commands concerning where the employees will be stationed and for how long.

32.    Plaintiffs and those similarly situated are paid sixty dollars ($60) per day, for a twelve (12) hour shift. They are not paid any overtime compensation. They typically work between five (5) and seven (7) days per week. Generally, Defendant Shah does not permit the workers to take personal or sick days. Workers do not receive any benefits or employee perks.

33.    If Plaintiffs or employees similarly situated object to or protest Defendant Shah's demands, they are badgered, ridiculed, and/or emotionally tormented with threats of blackmail.

34.    Defendant Shah's exploitative, abusive, and unlawful practices have caused Plaintiffs and other similarly situated workers substantial damages.

### *Joint Employment*

35.    The work of Plaintiffs and other similarly situated workers is at all times performed on the premises of the lodging establishments owned and operated by the Hotel Defendants. The Hotel Defendants provide Plaintiffs and other similar situated workers with materials and

equipment utilized in the ordinary course of business, such as telephone, office supplies, and uniforms.

36. Once Plaintiffs and others similarly situated commenced their shifts for a particular Hotel Defendant, they essentially "belonged" to that lodging establishment, insofar as Defendant Shah would not be able to veer that business, once initiated, to another venue. Furthermore, Plaintiffs and other similarly situated workers were retained by the Hotel Defendants on an ongoing or long-term basis.

37. Plaintiffs and other similarly situated workers perform straightforward tasks. Their work requires minimum training, little to no specialized skills, and is carried out in a repetitive manner on a predictable schedule. Consequently, the "staffing device" used by Hotel Defendants was in response to, and as a means of avoiding, labor laws.

38. Plaintiffs and other similarly situated employees were at the disposal of the Hotel Defendants. Because the Hotel Defendants exercised a substantial amount of control over the workers, if the outsourcing relationship between the Hotel Defendants and the intermediary were to disintegrate, Hotel Defendants could elect and offer to continue to employ Plaintiffs and others similarly situated.

39. Plaintiffs and other similarly situated workers reported to, took orders from, and were subject to discipline by, managers and supervisors designated by the Hotel Defendants. The Hotel Defendants set work schedules and payment methods, thereby effectively controlling the terms and conditions of Plaintiffs' and other similarly situated workers' employment.

40. During their respective shifts, Plaintiffs and those similarly situated worked predominantly and exclusively for a particular Hotel Defendant. For those periods, a specific Hotel Defendant would retain Plaintiffs and other similarly situated workers who, in turn, would

be economically dependent upon said Hotel Defendant. Throughout that employment time, the individual Hotel Defendant would have complete control over the workers and their activities.

*Defendants' General Employment Practices*

41. Defendants have jointly employed, and/or continue to jointly employ, Plaintiffs and all similarly situated workers within the meaning of 29 U.S.C. § 201 *et seq.*, and NYLL § 650 *et seq.*

42. Each Defendant has been and remains individually considered an "employer" within the meaning of 29 U.S.C. § 203(d).

43. Defendants have been and continue to be enterprises engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1) with annual gross revenues in excess of $500,000.00.

44. The Hotel Defendants have been and continue to be employers in the hospitality industry within the meaning of NYCRR § 146-1.1.

45. Plaintiffs and similarly situated workers were employed and/or continue to be employed as concierge workers by Apple Commuter Inc. and the Hotel Defendants.

50. Plaintiffs perform tasks including, but not limited to, answering telephone calls, welcoming customers upon entrance, confirming reservations, acting as a point of reference for guests who need assistance or information, and arranging events, excursions, and transportation upon request from hotel guests.

51. Plaintiffs are, and at all relevant times were, covered employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL §§ 2 and 651.

52. Plaintiffs are, and at all relevant times were, entitled to be compensated for each hour worked during their employment with Defendants. 29 U.S.C. § 206; NYLL § 160.

53. Defendants were obligated to pay Plaintiffs, as non-exempt employees, at a rate not less than the minimum hourly wage for each hour worked. 29 U.S.C. § 206; NYLL § 160(1).

54. Defendants are, and at all relevant time were, required to pay Plaintiffs overtime pay at the statutory rate of not less than one and one-half (1 and ½) times the regular rate of pay for all hours worked in excess of forty (40) hours per week. 29 U.S.C. § 207; NYLL § 160.

55. Plaintiffs are, and at all relevant times were, required to be compensated at an hourly rate in compliance with the FLSA, proscribing a minimum hourly rate of $7.25, and New York minimum wage law, proscribing a minimum rate of $8.75 per hour effective December 1, 2014, and $11.00 per hour effective December 31, 2016. 29 U.S.C. § 206; NYLL § 160(1).

56. During the duration of their employment, Plaintiffs were consistently paid approximately five dollars ($5.00) per each hour worked.

57. Defendants have failed and/or continue to fail to pay Plaintiffs the minimum wage for regular hours worked.

58. Plaintiffs have regularly worked, and/or continue to work, more than forty (40) hours per a week while employed by Defendants, without being properly compensated for the overtime hours worked in excess of forty (40) hours per week.

59. During the duration of their employment, Plaintiffs have worked and/or continue to work twelve (12) hour daily shifts for five (5) to seven (7) days per week, which thereby amounts to sixty (60) to eighty-four (84) hours worked per week.

60. Defendants have failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

61. Defendants have also failed to pay Plaintiffs an extra hour of pay for "spread of hours" worked in excess of ten (10) hours per day.

62.     In addition to failing to compensate Plaintiffs for regular and overtime hours worked, Defendants directed Plaintiffs to work off the clock or without documentation in order to avoid paying Plaintiffs proper compensation for such hours.

63.     Plaintiffs were and are subject to Defendants' common practices, policies, or plans, including, but not limited to, failing to pay at least minimum wage for all regular hours worked, failing to pay at least one and one-half (1 and 1/2) times the regular rate of pay for all overtime hours worked, failing to compensate Plaintiffs and similarly situated workers for hours worked off the clock, and failing to keep accurate time and payroll records in violation of the FLSA and the NYLL.

64.     Defendants failed to properly compensate Plaintiffs for regular hours worked according to minimum wage laws for hours worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate and for hours worked off the clock throughout the term of their employment with Defendants.

65.     Plaintiffs have each consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  The consent forms are attached hereto as **Exhibit A**.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly-situated current and former workers.

## COLLECTIVE ACTION ALLEGATIONS
## FAIR LABOR STANDARDS ACT

68.     Pursuant to 29 U.S.C. §§ 206, 207, and 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA, individually and on behalf of

similarly situated persons, under 29 U.S.C. § 203(e)(1), which consists of all current and former non-exempt employees of Defendants who were not paid minimum wages, overtime wages, and/or for hours worked off the clock in the past three years before the filing of this Complaint until final judgement is entered (the "Collective Action Members").

69.     At all relevant times, Plaintiffs and Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' common decisions, policies, plans, designs, programs, practices, procedures, protocols, routines, and rules, all culminating in: (i) a willful failure and refusal to pay them the required minimum wage, (ii) a willful failure and refusal to pay them an overtime premium for hours worked in excess of forty (40) hours each workweek, and (iii) forcing them to work off the clock. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Action Members.

70.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The Collective Action Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**CLASS ALLEGATIONS**
**NEW YORK LABOR LAW**

71.     Pursuant to NYLL, Plaintiffs bring their Third, Fourth, and Fifth Causes of Action as a class action under Fed. R. Civ. P. 23, individually and on behalf of concierge workers of Defendants with similar compensation structures and who are or were employed by Defendants on or after the date six years before the filing of this Complaint until final judgement is entered (the "Class Action Members").

72. The "Class Action Members" consist of certain subclasses of employees, including:

   a. Subminimum Wage Subclass: Class Members who were not paid the minimum wage required for hours worked in violation of NYLL § 652 and NYCRR § 146-1.2 ("Subminimum Wage Subclass").

   b. Unpaid Overtime Subclass: Class Members who were not paid overtime compensation for all hours worked in excess of forty (40) per week in violation of NYLL § 190 *et seq.* and NYCRR § 146-1.4 ("Unpaid Overtime Subclass").

   c. "Spread of Hours" Subclass: Class Members who were not paid an extra hour of pay for "spread of hours" worked exceeding ten (10) hours per day in violation of NYCRR § 146-1.6 ("'Spread of Hours' Subclass").

### *Ascertainability*

73. The Class Action Members are readily ascertainable. The number and identity of the Class Action Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for all Class Action Members may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

### *Numerosity*

74. The Class Action Members are so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts upon which the calculation of that number rest are presently within the sole control of Defendants, there are in excess of forty (40) Class Action Members.

### *Typicality*

75. Plaintiffs' claims are typical of those claims that could be alleged by any Class Action Member and the relief sought is typical of the relief that would be sought by each Class Action Member in separate actions. All of the Class Action Members were subject to the same

corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Action Members similarly and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Action Member. Plaintiffs and other Class Action Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, all culminating in: (i) a willful failure and refusal to pay them the required minimum wage, (ii) a willful failure and refusal to pay them an overtime premium for hours worked in excess of forty (40) hours each workweek, and (iii) forcing them to work off the clock. The claims of Plaintiffs stated herein are essentially the same as those of the other Class Action Members.

### *Adequacy of Representation*

76.     Plaintiffs are able to fairly and adequately protect the interests of the Class Action Members and have no interests antagonistic to the Class Action Members. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

### *Superiority*

77.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Action Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Action Members

to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

78.     The prosecution of separate actions by individual Class Action Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Action Members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of the Class Action Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

79.     Defendants and other employers throughout the state continuously violate statutory labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

*Commonality*

80.     The Third, Fourth, and Fifth Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3). There are questions of law and fact common to the class that predominate over any questions solely affecting individual Class Action Members, including, but not limited to:

> a.   Whether Defendants have and are engaged in a pattern or practice of not paying minimum wage compensation for all hours worked;

b. Whether Defendants have and are engaged in a pattern or practice of not paying overtime compensation for all hours worked in excess of forty (40) hours per week;

c. Whether Defendants have and are engaged in a pattern or practice of not paying an extra hour's pay for the "spread of hours" worked;

d. Whether Defendants' failure to pay proper minimum, overtime, and "spread of hours" wages to Plaintiffs and the Class Action Members constitutes a willful violation;

e. Whether Defendants failed, and continue to fail, to make accurate records of actual time worked by Plaintiffs and the Class Action Members;

f. Whether Defendants failed, and continue to fail, to maintain accurate records of actual time worked by Plaintiffs and the Class Action Members;

g. Whether Defendants failed, and continue to fail, to report all actual time worked by Plaintiffs and the Class Action Members; and

h. Whether Defendants failed, and continue to fail, to preserve accurate records of actual time worked by Plaintiffs and the Class Action Members.

### FIRST COUNT
### (Fair Labor Standards Act – Unpaid Minimum Wages)

81. Plaintiffs, individually and on behalf of the Collective Action Members, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

82. Defendants were Plaintiffs' employers and employers of the putative Collective Action Members within the meaning of 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs and the Collective Action Members, controlled the terms and conditions of employment, and determined the rate and method of any compensation paid in exchange for Plaintiffs' services.

83. Defendants were engaged in commerce or in an industry or activity affecting commerce.

84. Defendants constitute an enterprise within the meaning of 29 U.S.C. § 203(r-s).

85.     At all applicable times Plaintiffs and Collective Action Members were and are entitled to be paid minimum wage for all applicable hours worked. 29 U.S.C. § 201 *et seq*.; NYLL § 652(1) *et seq.*

86.     Defendants failed to pay Plaintiffs and the Collective Action Members at the applicable minimum hourly rate in violation of 29 U.S.C. § 206(a).

87.     Defendants also have a policy and a practice of directing the Plaintiffs and the Collective Action Members to work off the clock or without documentation, all without proper compensation.

88.     Defendants' failure to pay Plaintiffs and the Collective Action Members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     By virtue of the foregoing, Plaintiffs on behalf of themselves and the Collective Action Members are entitled to (i) damages in the amount of unpaid minimum wages, in amount to be determined at trial, (ii) liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), (iii) recovery of their attorneys' fees and costs associated with this cause as provided for by 29 U.S.C. §216(b), and (iv) such other legal and equitable relief as the Court deems just and proper.

## SECOND COUNT
### (Fair Labor Standards Act – Unpaid Overtime Wages)

90.     Plaintiffs, individually and on behalf of the Collective Action Members, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

91.     Defendants were Plaintiffs' employers and employers of the putative Collective Action Members within the meaning of 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs and the Collective Action Members, controlled the terms and conditions of

employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

92.     Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.     Defendants constitute an enterprise within the meaning of 29 U.S.C. § 203(r-s).

94.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs and the Collective Action Members overtime compensation at rates of one and one-half (1 ½) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

95.     Defendants also have a policy and a practice of directing the Plaintiffs and the Collective Action Members to work off the clock or without documentation, all without proper compensation.

96.     Defendants' failure to pay Plaintiffs and the Collective Action Members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97.     By virtue of the foregoing, Plaintiffs on behalf of themselves and the Collective Action Members are entitled to (i) damages in the amount of unpaid overtime compensation, in an amount to be determined at trial, (ii) liquidated damages as provided by the FLSA, 29 U.S.C. §216(b), (iii) recovery of their attorneys' fees and costs associated with this cause as provided for by 29 U.S.C. §216(b), and (iv) such other legal and equitable relief as the Court deems just and proper.

### THIRD COUNT
### (New York Labor Law – Unpaid Minimum Wages)

98.     Plaintiffs, individually and on behalf of the Class Members, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

99. At all times relevant to this action, Defendants were Plaintiffs' employers and employers of the putative Class Members within the meaning of NYLL §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs and the Class Members, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

100. At all applicable times Plaintiffs and Class Action Members were and are entitled to be paid minimum wage for all applicable hours worked according to NYLL § 652(1) and supporting regulations of the New York State Department of Labor.

101. Defendants failed to pay Plaintiffs and the Class Members at the applicable minimum hourly rate in violation of NYLL § 652(1) and supporting regulations of the New York State Department of Labor.

102. Defendants also have a policy and a practice of directing the Plaintiffs and the Collective Action Members to work off the clock or without documentation, all without proper compensation.

103. Defendants' failure to pay Plaintiffs and the Class Members at the applicable minimum hourly rate was willful within the meaning of NYLL § 663.

104. By virtue of the foregoing, Plaintiffs on behalf of themselves and the Class Members are entitled to (i) damages in the amount of their respective unpaid minimum wages, as to be determined by trial, (ii) liquidated damages and statutory penalties under NYLL § 663(1), (iii) recovery of their attorneys' fees and costs associated with this action, and (iii) such other legal and equitable relief as the Court deems just and proper.

## FOURTH COUNT
## (New York Labor Law – Unpaid Overtime Wages)

105.   Plaintiffs, individually and on behalf of the Class Members, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

106.   Defendants were Plaintiffs' employers and employers of the putative Class Members within the meaning of NYLL §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs and the Class Members, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

107.   Plaintiffs and Class Action Members were and are entitled to be paid one and one-half (1 ½) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. NYLL § 190 *et seq.*

108.   Defendants, in violation of NYLL § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs and the Class Members overtime compensation at rates of one and one-half (1 ½) times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

109.   Defendants also have a policy and a practice of directing the Plaintiffs and the Collective Action Members to work off the clock or without documentation, all without proper compensation.

110.   Defendants' failure to pay Plaintiffs and the Class Members for each hour of work in excess of forty (40) hours in a workweek was willful within the meaning of NYLL § 663.

111.   By virtue of the foregoing, Plaintiffs on behalf of themselves and the Class Action Members are entitled to (i) damages in amount equal to their respective overtime compensation, in an amount to be determined at trial, (ii) liquidated damages and statutory penalties under NYLL

§ 663(1), (iii) recovery of their attorneys' fees and costs associated with this action, and (iii) such other legal and equitable relief as the Court deems just and proper.

## FIFTH COUNT
### (New York Labor Law – "Spread of Hours" Pay)

112.     Plaintiffs, individually and on behalf of the Class Members, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

113.     Defendants were Plaintiffs' employers and employers of the putative Class Members within the meaning of NYCRR § 146-1.1. Defendants had the power to hire and fire Plaintiffs and the Class Members, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

114.     Plaintiffs and Class Action Members were and are entitled to be paid an additional hour of compensation for the "spread of hours" worked in excess of ten (10) hours per day. NYCRR § 146-1.6.

115.     Defendants, in violation of NYCRR § 146-1.6, failed to pay Plaintiffs and the Class Members an additional hour of pay for the "spread of hours" worked in excess of ten (10) hours per day.

116.     Defendants also have a policy and a practice of directing the Plaintiffs and the Collective Action Members to work off the clock or without documentation, all without proper compensation.

117.     Defendants' failure to pay Plaintiffs and the Class Members for the "spread of hours" worked in excess of ten (10) hours per day was willful within the meaning of NYLL § 663.

118.     By virtue of the foregoing, Plaintiffs on behalf of themselves and the Class Action Members are entitled to (i) damages in amount equal to their respective "spread hours

compensation, to be determined at trial, (ii) liquidated damages and statutory penalties under NYLL § 663(1), (iii) recovery of their attorneys' fees and costs associated with this action, and (iii) such other legal and equitable relief as the Court deems just and proper.

## SIXTH COUNT
### (Breach of Contract)

119. Plaintiffs, individually and on behalf of all other similarly-situated persons, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

120. Defendants made contractually binding promises to Plaintiffs and the Class Action Members to appropriately compensate them for all time worked pursuant to applicable law.

121. Plaintiffs and the the Class Action Members accepted those promises and provided valid consideration in exchange, including, but not limited to, the actual time worked for the Defendants.

122. Defendants breached such promises when Defendants failed to properly compensate Plaintiffs and the the Class Action Members in accordance with applicable law.

123. By virtue of said breach, Plaintiffs and the the Class Action Members have suffered direct, incidental, and consequential damages in an amount to be determined according to proof at trial, plus interest, together with attorneys' fees, costs, and expenses incurred in connection with this action, and such other legal and equitable relief as the Court deems just and proper.

## SEVENTH COUNT
### (Unjust Enrichment)

124. Plaintiffs, individually and on behalf of all other similarly-situated persons, repeat and reallege each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully alleged herein.

125. At the instance and request of the Defendants, Plaintiffs and the Class Action Members rendered services, in the form of work, to Defendants in good faith with an expectation of reasonable, proper, and legal compensation.

126. The services rendered by Plaintiffs and the Class Action Members were accepted by the Defendants without objection, complaint, or protest.

127. Defendants failed to compensate Plaintiff and the Class Action Members for the reasonable value of the services performed.

128. By virtue of the foregoing, Plaintiff and the Class Action Members have been damaged in the amount equivalent to the reasonable value of the services rendered to Defendants in an amount to be determined according to proof at trial, plus interest, together with attorneys' fees, costs and expenses incurred in connection with this action and, any such other equitable relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly-situated persons, respectfully requests that this Court grant the following relief:

a. Certification of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue in accordance with 29 U.S.C. § 216(b), and appointment of Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the Class Members and appointment of Plaintiffs and their counsel to represent the Class Members;

c. An order tolling the applicable statutes of limitations;

d. An order declaring that Defendants have violated the FLSA;

e. An order declaring that Defendants' violations of the FLSA were willful;

f. An order declaring that Defendants violated the NYLL and supporting New York State Department of Labor Regulations;

g. An award of minimum wages due under the FLSA and NYLL;

h. An award of overtime compensation due under the FLSA and NYLL;

i. An award of "spread of hours" pay due under the NYLL;

j. An award of liquidated and statutory damages resulting from Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the NYLL;

k. An injunction against the Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with and/or on behalf of the Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

l. An award of prejudgment and post-judgment interest;

m. An award of the costs and expenses incurred in litigating this matter, together with reasonable attorneys' fees; and

n. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by the jury on all questions of fact raised by the complaint.

Date: 5 June 2017
New York, New York

**BALLON STOLL BADER & NADLER, P.C.**

By: _____
Vano Haroutunian (VH1010)
729 Seventh Avenue, Floor 17
New York, New York 10019
Telephone (212) 575-7900
Facsimile (212) 764-5060
E-mail: vharoutunian@ballonstoll.com
*Attorneys for Plaintiffs*