UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEILA BOTAKHANOVA et al.,

                Plaintiffs,

    – against –

APPLE COMMUTER INC. et al.,

                Defendants.

**ORDER**

17 Civ. 4296 (ER)

---

Ramos, D.J.:

      Plaintiffs filed suit against Apple Commuter Inc. ("Apple"), Biren J. Shah ("Shah"), and a bevy of hotels to recoup unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. Pending before the Court is Plaintiffs' application for court approval of a "Release and Settlement Agreement" between Plaintiffs, Apple, and Shah. Doc. 120–21. The Agreement would serve to dismiss the entire action with prejudice upon Apple and Shah's payment of $110,000 to Plaintiffs. *Id.* From the $110,000 payment, $36,667 (i.e., 33%) would be payable to Plaintiffs' counsel for attorneys' fees and costs. *Id.*

      In this circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). To warrant court approval of a proposed FLSA settlement agreement, the parties must satisfy the Court that the agreement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994 (ER), 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (quoting *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015)). In determining whether an

agreement is both fair and reasonable, courts consider the totality of circumstances, including the following:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Beckert*, 2015 WL 8773460, at *1 (internal quotation marks omitted).  Courts routinely reject agreements where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees; courts also reject agreements that include impermissible provisions such as restrictive confidentiality clauses or overbroad releases.  *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015).

Here, the Court concludes that the Agreement is not "fair and reasonable" as currently drafted.  For starters, section five of the Agreement—labeled <u>Specific Waiver and Release of Claims</u>—"is far too sweeping to be 'fair and reasonable,'" as it "purport[s] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Id.* at 181.  Specifically, section five contains the following language:

> [U]pon the payment in full of $110,000 and the Court's "So Ordering" of the Final Dismissal, Plaintiffs . . . irrevocably and unconditionally *waive*, release, and forever discharge Defendants . . . from *any and all claims*, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities *of any kind, nature, description, or character whatsoever*, asserted in or that could have been asserted by the Plaintiffs in the Lawsuit including, *but not limited to*, any alleged violation of the Fair Labor Standards Act and/or any New York Wage-Related Claims.

Doc. 120 at 5 ¶ 5 (emphases added).  The Court will not approve an overbroad release that purports to absolve an employer of liability for *all* potential claims, irrespective of a particular claim's genesis.  A proper release in a FLSA settlement agreement should "waive[] claims relating to the existing suit" only.  *Nights of Cabiria*, 96 F. Supp. 3d at 181; *see also Volquez v. Randy Mgmt., Inc.*, No. 17 Civ. 9117 (RA), 2019 WL 176705, at *2 (S.D.N.Y. Jan. 11, 2019) (collecting cases). Thus, while "[t]he parties have every right to enter into a settlement that waives claims relating to the existing suit in exchange for a settlement payment[,] . . . [t]he Court will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute." *Nights of Cabiria*, 96 F. Supp. 3d at 181.

Moreover, the Agreement unreasonably precludes Plaintiffs from future employment with Apple and Shah.  Specifically, paragraph (d) of section six provides the following language:

> Plaintiffs  . . . acknowledge and agree that their employment relationship with the [settling] Defendants has been *permanently and irrevocably* severed, and that the [settling] Defendants do not have any obligation, contractual or otherwise, to hire, rehire, or reemploy Plaintiffs in the future.

Doc. 120 at 6 ¶ 6(d).  As other courts in this circuit have found, "[p]rovisions that require plaintiffs to waive future employment with defendants are highly restrictive provisions in strong tension with the remedial purposes of the FLSA." *Cruz v. Relay Delivery, Inc.*, No. 17 Civ. 7475 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (internal quotation marks and alterations omitted) (collecting cases).  Given the tension between such provisions and the FLSA, "courts in this [c]ircuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Id.* (citation omitted).  Consequently, while the parties' settlement agreement may make clear that Plaintiffs' employment relationship with Apple and

3

Shah is "severed," and may similarly make clear that Apple and Shah are not obligated to re-employ Plaintiffs, the Court will not accept language purporting to bar Plaintiffs from seeking employment from the defendants moving forward.

The Court will not approve the Agreement unless the parties correct the deficiencies identified above. Thus, the parties must proceed in one of the following ways:

1. The parties may submit a revised settlement agreement to the Court no later than **June 14, 2019**. The revised agreement shall omit or tailor the release provisions as described in this Order. The revised agreement shall also be signed by the parties to be bound thereto.

2. The parties may file a joint letter no later than **June 14, 2019**, indicating their intent to abandon settlement at this time, at which point the Court will set a deadline for responses to Plaintiffs' complaint.

3. The parties may stipulate to dismissal of the case *without* prejudice no later than **June 14, 2019**, which the Court need not approve under current Second Circuit case law. See *Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:   June 5, 2019
         New York, New York

_____
Edgardo Ramos, U.S.D.J.