UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEILA BOTAKHANOVA, YULIA GRADOBOEVA, INGA DOLGOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE COMMUTER INC., BIREN J. SHAH, EDISON MANAGEMENT CO. LLC, 237 WEST 54 OWNER LLC, HHLP DUO THREE LESSEE LLC, PATEL KHANBUDHAI, NEW GENERATION MANAGEMENT CORP., WOLCOTT HOTEL CO., S&G HOTEL CORP., EROS MANAGEMENT & REALTY LLC, THE SHOREHAM LLC, ALPHONSE HOTEL CORP., RPH HOTELS 51 STREET OWNER LLC, HHLP 52 LESEE LLC, EVECUTIVE LE SOLEIL NEW YORK LLC, BRISAM MANAGEMENT DE LLC, 228 WEST 47 STREET JOHN/JANE DOE, 228 WEST 47 STREET XYZ CORP., 237 WEST 54 STREET JOHN/JANE DOE, 237 WEST 54 STREET XYZ CORP., 343 WEST 39 STREET JOHN/JANE DOE, 243 WEST 39 STREET XYZ CORP., 18 WEST 25 STREET JOHN/JANE DOE, 18 WEST 25 STREET XYZ CORP., 17 WEST 32 STREET JOHN/JANE DOE, 17 WEST 32 STREET XYZ CORP., 4 WEST 31 STREET JOHN/JANE DOE, 4 WEST 31 STREET XYZ CORP., 109 WEST 45 STREET JOHN/JANE DOE, 109 WEST 45 STREET XYZ CORP., 345 WEST 35 STREET JOHN/JANE DOE, 345 WEST 35 STREET XYZ CORP., 33 WEST 55 STREET JOHN/JANE DOE, 33 WEST 55 STREET XYZ CORP., 250 WEST 43 STREET JOHN/JANE DOE, 250 WEST 43 STREET XYZ CORP., 851 EIGHTH AVENUE JOHN/JANE DOE, 851 EIGHTH AVENUE XYZ CORP., 206 EAST 52 STREET JOHN/JANE DOE, 206 EAST 52 STREET XYZ CORP., 38 WEST 36 STREET JOHN/JANE DOE, 38 WEST 36 STREET XYZ CORP., 232 WEST 39 STREET JOHN/JANE DOE, 232 WEST 39 STREET XYZ CORP.,<br><br>Defendants. | Case No. 17 cv 4296<br>(ER) (DCF) |

## **RELEASE AND SETTLEMENT AGREEMENT**

This Release and Settlement Agreement (the "Agreement") is made and entered into by and between Leila Botakhanova ("Botakhanova"), Yuliya Gradoboeva ("Gradoboeva"), Inga

Dolgova ("Dolgova"), Elmira Mukhamedianova ("Mukhamedianova with Botakhanova, Gradoboeva, and Dolgova collectively referred to as "Plaintiffs") and Apple Commuter Inc. ("Apple Commuter") and Biren J. Shah ("Shah") (with Apple Commuter and Shah collectively referred to as "Shah Defendants"). The other defendants in this action, *to wit* Edison Management Co. LLC ("Edison"), 237 West 54 Owner LLC ("237 West"), HHLP Duo Three Lessee LLC ("HHLP"), Patel Khanbudhai ("Khanbudhai"), New Generation Management Corp. ("NGMC"), Wolcott Hotel Co. ("Wolcott"), S&G Hotel Corp. ("S&G"), Eros Management & Realty LLC ("Eros"), The Shoreham LLC ("Shoreham"), Alphonse Hotel Corp. ("Alphonse"), HHLP 52 Lessee LLC ("HHP"), Executive Le Soleil New York LLC ("Executive"), Brisam Management De LLC, and the John/Jane Does named in the caption are hereby collectively referred to as the "Hotel Defendants" (with the Shah Defendants and the Hotel Defendants collectively referred to as "Defendants") (and with Plaintiffs and Defendants being referred to individually as a "Party" and collectively as the "Parties").

**WHEREAS**, a dispute exists between Plaintiffs and Defendants arising out of or generally relating to Plaintiffs' alleged employment with the Shah Defendants and payment of wages, which resulted in the filing by Plaintiffs of a lawsuit which is currently pending before the United States District Court for the Southern District of New York and captioned *Leila Botakhanova, Yulia Gradoboeva, Inga Dolgova, and Elmira Mukhamedianova v. Apple Commuter Inc., et. al.,* Case No.: 1:17-cv-04296-ER (the "Lawsuit");

**WHEREAS**, it is the Plaintiffs' position in this dispute and this lawsuit that the Hotel Defendants were allegedly joint employers of the Plaintiffs within the meaning of **29 U.S.C. § 201 et seq.** (including **29 U.S.C. § 203(d)**), and **NYLL § 650 et seq.** (and were allegedly covered employees of Defendants within the meaning of the FLSA, **29 U.S.C. § 203(e)** and **NYLL §§ 2 and 651);**

**WHEREAS,** the Hotel Defendants expressly deny that they were joint employers of the Plaintiffs.

**WHEREAS**, Defendants deny all of Plaintiffs' allegations and claims;

**WHEREAS**, Plaintiffs and the Shah Defendants, on their behalf and for the benefit of all Defendants, desire to avoid further litigation and the associated legal costs and expenses; and

**WHEREAS**, the Plaintiffs and the Shah Defendants desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by Defendants, to effect a full, complete, final, and binding settlement and compromise of all claims related to payment of wages that Plaintiffs may have against Defendants, with prejudice.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, Plaintiffs[1] and the Shah Defendants agree as follows:

1. **Stipulations and Orders of Dismissal.**

    (a)    The Plaintiffs and the Defendants shall execute the Stipulation and Order of Dismissal without cost and without prejudice in the form attached hereto as Exhibit A immediately upon the Court's approval of the Settlement Agreement; and

    (b)    In addition, the Plaintiffs and Defendants shall execute the Final Stipulation and Order of Dismissal without cost and with Prejudice ("Final Dismissal") in the form attached hereto as Exhibit B immediately upon the Court's approval of the Settlement Agreement and Counsel for the Plaintiffs shall hold the executed Final Dismissal in escrow pursuant to the terms set forth herein. Thereafter, immediately upon the completion of all payments by the Shah Defendants to the Plaintiffs, pursuant to the terms of this Settlement Agreement, Plaintiffs' counsel shall electronically file the Final Dismissal with the Court.

2. **Motion to Approve Settlement.**

    Plaintiffs agree to immediately seek approval of this Agreement from the Court by filing a Motion for Approval of the Settlement Agreement. Should the Court grant such application for this Agreement, this Case will be dismissed without cost and without prejudice with leave to restore the action within 120 days of the dismissal order, in the form attached hereto as Exhibit A. In the event the Court denies the Motion for Approval of the Settlement Agreement, the terms, conditions, and obligations created by this Agreement shall become null and void.

3. **Consideration to Plaintiffs.**

    (a)    In exchange for the promises made by and in consideration for all the terms agreed to by PLAINTIFFS in this Agreement, THE SHAH DEFENDANTS agree to make the following payments to PLAINTIFFS, AGGREGATING TO ONE HUNDRED AND TEN THOUSAND DOLLARS ($110,000), payable as follows: (1) one check in the amount of fifty five thousand dollars (**$55,000**) payable to "Ballon Stoll Bader & Nadler, PC", as attorneys, with such payment being made within ten (10) days after the Court approves the Settlement Agreement; (2) a payment of fifty five thousand dollars ($55,000) to Ballon Stoll Bader & Nadler P.C., as attorneys, within ninety (90) days of the approval of the Settlement Agreement. PLAINTIFFS and Ballon Stoll Bader & Nadler, PC will complete, execute and submit Form W-9s to the Shah Defendants within 10 days after the Court grants the Motion to Approve Settlement.

---

[1] In addition to the Plaintiffs listed in the caption, the Plaintiffs and Shah Defendants have agreed to include in this Agreement a settlement of the claims of Ms. Elmira Mukhamedianova. While Ms. Mukhamedianova was not a named plaintiff in the instant action, she had intended to join this action as a direct plaintiff and negotiations between the parties accounted for her claims. Consequently, the Plaintiffs and Shah Defendants have agreed that she shall be a party to this settlement agreement to avoid further litigation.

(b)     PLAINTIFFS agree that they shall be solely responsible for any federal, state or other taxes that they may owe as a result of any payment made by the Shah Defendants pursuant to the terms of this Agreement and will indemnify the Defendants for any tax liability incurred as a result of this settlement. PLAINTIFFS agree that, should any taxing authority assess any taxes against the Defendants as a result of the consideration set forth in this Agreement, PLAINTIFFS will be solely responsible for the taxes, if any, which may be owed to any governmental agency as a result of the consideration herein, and PLAINTIFFS agree that they will indemnify, defend, and hold harmless the Defendants for any such taxes. This indemnity provision will survive the fulfillment and/or termination of all payment obligations contained in this Agreement.

(c)     **Reasonable Attorneys' Fees**. While there is no finding of liability against the Defendants, the Shah Defendants desire to avoid further litigation and the associated legal costs and expenses associated therewith and have agreed that reasonable attorneys' fees and costs incurred by Plaintiffs, which amount to $36,667, shall be included as part of the total amount of the payment set forth in §3(a) hereof and constitute one-third (33.33%) of the consideration paid to Plaintiffs and shall be remitted to Plaintiffs' attorneys at the rate of one-third of the amounts collected from the payments set forth in §3(a) hereof.

(d)     Plaintiffs agree to file the fully executed Final Dismissal Stipulation (i.e. the dismissal *with prejudice*) within 10 days of the completion of all payments as set forth in paragraph 3 (a) above (in the aggregate amount of $110,000).

4.     **Default in Payment by the Shah Defendants.**

(a)     In order to secure performance by the Shah Defendants, the Shah Defendants shall simultaneously execute a Stipulated Judgment in a form acceptable to the Plaintiffs (the "Shah Defendants' Stipulated Judgment") substantially in the form of Exhibit C.

(b)     Counsel for the Plaintiffs shall hold the executed Shah Defendants' Stipulated Judgment in escrow pursuant to the terms set forth herein.

(c)     In the event of default by the Shah Defendants hereunder, and should such default remain uncured for seven (7) days after written notice to the Defendants, counsel for the Plaintiffs may then release the Shah Defendants' Stipulated Judgment and the Plaintiffs shall then (i) immediately file the Shah Stipulated Judgment and reinstate the claims brought in this action against all defendants without any further notice to the Shah Defendants, crediting the Defendants for any payments made hereunder and any amounts recovered pursuant to the Stipulated Judgment.

(d)     The Shah Defendants acknowledge and agree that no affidavit of the Plaintiffs shall be required to file the Shah Defendants' Stipulated Judgment and/or the reinstatement of this action and that an attorney declaration and/or affidavit describing the uncured default shall be sufficient for the entry of the Shah Defendants' Stipulated Judgment and/or the reinstatement of this Complaint. Further, the Shah Defendants waive any restriction proscribed by law limiting the time period in which Plaintiffs may file the Shah Defendants' Stipulated Judgment , including, but not

limited to any time restriction pursuant to Rule 60(c)(1) of the Federal Rules of Civil Procedure. However, nothing in this Agreement shall be interpreted to extend Plaintiffs' time to reinstate the Lawsuit beyond 120 days following entry of the initial Dismissal Order in the form annexed as Exhibit "A," as set forth in paragraph 2 above.

(e) The Shah Defendants waive (i) any waiting period or stay proscribed by law concerning the enforcement of the Shah Defendants' Stipulated Judgment; (ii) the domestication elsewhere of such judgment; and (iii) any objections to Plaintiffs' requests/demands for costs of collection, including but not limited to, reasonable attorneys' fees for the enforcement of any judgment resulting from Shah Defendants' Stipulated Judgment.

5. **Specific Waiver and Release of Claims.** Only upon the payment in full of $110,000 and the Court's "So Ordering" of the Final Dismissal, Plaintiffs for themselves and on behalf of their respective legatees, executors, administrators, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees and their attorneys and the partners, associates, members, of counsels, assignees and investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case (collectively, the "Plaintiff Releasors") irrevocably and unconditionally release, and forever discharge Defendants and their respective legatees, executors, administrators, officers, directors, shareholders, members, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees, all predecessor and successor companies, and all parent, subsidiary and other related or affiliated companies, their attorneys and the partners, associates, members, of counsels, assignees and investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case (collectively the "Released Parties"), from all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities asserted by the Plaintiffs in the Lawsuit or which could have been asserted in the Lawsuit relating to or arising from any alleged violation of the Fair Labor Standards Act and/or any New York Wage-Related Claims.

6. **Non-Admission of Liability and Precedential Effect of Agreement.**

(a) Plaintiffs and the Shah Defendants acknowledge and agree that this Agreement is in compromise of disputes between Plaintiffs and Defendants and is to be regarded as a "no-fault" settlement, and that the Defendants do not admit the truth, correctness, fault or liability of any allegations made against them in any claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, or demands by Plaintiffs, including, but not limited to those set forth in the Lawsuit;

(b) Plaintiffs and the Defendants further acknowledge and agree that nothing contained in this Agreement, nor any representation, warranty or consideration provided pursuant to this Agreement or the acts taken hereunder, shall be deemed or construed (i) as an admission of truth, correctness, fault or liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind; or (ii) to establish that there was any fault or liability of any

violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind; and

(c)     Plaintiffs and the Defendants further acknowledge and agree that this Agreement (i) shall have no precedential effect in any other action or litigation involving any person that joined or was eligible to join the action captioned *Leila Botakhanova, Yulia Gradoboeva, Inga Dolgova v. Apple Commuter Inc., et. al.,* Case No.: 1:17-cv-04296-ER in the Southern District of New York, and any other actions or claims arising out of such case, provided however, that nothing in this provision shall be interpreted as invalidating the Plaintiff Releasors' release of claims against Defendants in §5 above; and (ii) except for the enforcement of this Agreement or any exhibit hereto, this Agreement shall not be admissible and shall not be used or relied upon by Plaintiffs or the Defendants in any proceeding. This subparagraph shall not be construed to prohibit the filing of any executed version of the exhibits attached hereto in accordance with the terms of this Agreement.

(d)    Plaintiffs further acknowledge and agree that their employment relationship with the Shah Defendants has been severed, and that the Shah Defendants do not have any obligation, contractual or otherwise, to hire, rehire, or reemploy Plaintiffs in the future.

7.   **Notices**.

(a)     All notices, requests, demands, directions, and other communications provided to the Plaintiffs or the Defendants shall be in writing, delivered to the applicable Party at the address of such Party set forth below in §7(b) (or such other address duly provided in writing to the other Party) via regular mail and e-mail.

(b)    Each such notice, request, demand, direction or other communication shall be deemed given upon such notice being deposited with the United States Postal Service and sent via e-mail to:

If to Botakhanova:

Ms. Leila Botakhanova
c/o Ballon Stoll Bader & Nadler, P.C.
729 Seventh Ave – 17th Fl.
New York, New York 10019
Attn:  Vano I. Haroutunian
Email: vharoutunian@ballonstoll.com

If to Gradoboeva:
Ms. Yuliya Gradoboeva
c/o Ballon Stoll Bader & Nadler, P.C.
729 Seventh Ave – 17th Fl.
New York, New York 10019
Attn:  Vano I. Haroutunian
Email: vharoutunian@ballonstoll.com

If to Edison Management Co. LLC, 227 WEST 47 STREET JOHN/JANE DOE, 227 WEST 47 STREET XYZ CORP.
c/o Greenwald Doherty, LLP.
30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845)589-9300
Fax: (845)638-2707
Attn: Kevin Michael Doherty, Esq.
        Jessica Shpall Rosen, Esq.
Email: kd@greenwaldllp.com ,
        jsr@greenwaldllp.com
If to 237 West 54 Owner LLC,
HHLP Duo Three Lessee LLC,
HHLP 52 Lessee LLC,
Brisam Management De LLC:
Winget Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, NY 10006
(212) 221-6900
Fax: (212) 221-6989
Attn: Harris Bruce Katz, Esq.
        Gabrielle Alexa Venito, Esq
Email: katz.h@wssllp.com
        venito.g@wssllp.com

If to Dolgova:

Ms. Inga Dolgova
c/o Ballon Stoll Bader & Nadler, P.C.
729 Seventh Ave – 17th Fl.
New York, New York 10019
Attn:   Vano I. Haroutunian
Email: vharoutunian@ballonstoll.com

If to Mukhamedianova:

Ms. Elmira Mukhamedianova
c/o Ballon Stoll Bader & Nadler, P.C.
729 Seventh Ave – 17th Fl.
New York, New York 10019
Attn:   Vano I. Haroutunian
Email: vharoutunian@ballonstoll.com

If to Eros Management & Realty LLC,
The Shoreham LLC:

c/o Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
(212)-806-5879
Attn: Deana Sheryl Stein, Esq.
      Kevin Leo Smith, Esq.
Email: dstein@stroock.com
       ksmith@stroock.com

If to Khandu Patel s/h/a Patel Khanbudhai,
18 West 25 Street John/Jane Doe,
18 West 25 Street XYZ Corp.:

c/o Lewis Brisbois Bisgaard & Smith LLP
77 Water Street, 21st Floor
New York, NY 10005
212-232-1300
Fax: 212-232-1399
Attn: Elior Daniel Shiloh, Esq.
      Sarah Zucco, Esq.
Email: elior.shiloh@lewisbrisbois.com,
       sarah.zucco@lewisbrisbois.com

If to Apple Commuter:
Apple Commuter Inc.
370 Hillside Avenue

If to New Generation Management Corp:

Toral Patel, Esq.
General Counsel
Apple Core Hotels
15 West 39th Street, 2nd Floor
NY NY 10018
Toral.Patel@applecorehotels.com

With a copy to
Stern, Tannenbaum & Bell, L.L.P.
380 Lexington Avenue
Suite 3600
New York, NY 10168
(212) 792-8489
Fax: (212) 792-8489
Attn: Karen S. Frieman, Esq.
Email: kfrieman@sterntannenbaum.com

If to Wolcott Hotel Co.:

c/o Littler Mendelson, P.C. (NYC)
900 Third Avenue
New York, NY 10022
(212)-583-2691
Fax: (212)-861-4854
Attn: Sean A Malley, Esq.
      David Wirtz, Esq.
Email: smalley@littler.com
       dwirtz@littler.com

If to Biren J. Shah:

Biren J. Shah
370 Hillside Avenue
New Hyde Park
New York 11040

With copy to:
Cilenti & Cooper, P.L.L.C.
708 Third Avenue, 6th Floor
New York, NY 10017
Attn: Peter Hans Cooper
Email: pcooper@jcpclaw.com

| | |
|---|---|
| New Hyde Park<br>New York, 11040<br><br>With copy to:<br>Cilenti & Cooper, P.L.L.C.<br>708 Third Avenue, 6th Floor<br>New York, NY 10017<br>Attn: Peter Hans Cooper<br>Email: pcooper@jcpclaw.com | <u>If to S&G Hotel Corp.:</u><br>c/o Pryor Cashman LLP<br>7 Times Square<br>New York, NY 10036<br>212-421-4100<br>Fax: 212-326-0806<br>Attn: Alex R. Goldberg, Esq. & Bryan T. Mohler, Esq.<br>Email: agoldberg@pryorcashman.com ;<br>bmohler@pryorcashman.com |

8. **The Parties' Representations and Warranties.** Plaintiffs and the Defendants represent and warrant that they each have: (a) all necessary power and authority to execute, deliver, and perform this Agreement; and (b) the consent of no other person or entity claiming through or under such warranting party is required to effectuate the terms of this Agreement.

9. **Representations and Warranties of Plaintiffs.** Plaintiffs each represent and warrant that (a) they have not sold, assigned or otherwise transferred to any third party any interest they may have in any claims released herein; (b) they have not filed any insolvency proceeding before or after the filing of the Lawsuit; and (c) once the monies herein have been paid, they have been properly paid for all hours worked in compliance with state and federal law.

10. **Further Assurances.** Plaintiffs and the Shah Defendants, without further consideration, agree to execute and deliver such other documents and take such other action as may be necessary to consummate more effectively the subject matter hereof.

11. **Legal, Tax Advice.** Plaintiffs and the Defendants warrant, represent and agree that they are not relying on the advice of any other party as to legal, tax or other consequences of any kind arising out of this Agreement and the Plaintiffs and the Shah Defendants specifically assume their own risk of all adverse legal, tax and other consequences.

12. **No Assignment.** None of the rights, privileges, or obligations set forth in, arising under, or created by this Agreement may be assigned without the prior consent in writing of each party to this Agreement.

13. **Advice of Counsel.** Plaintiffs and the Defendants have read this Agreement and acknowledge that he, she or it (i) has been advised to consult with counsel; (ii) that each Party has had the opportunity to and has consulted with his, her or its respective counsel; (iii) such counsel is of each Party's own choice; and (iv) to the extent necessary, the terms of this Agreement have been explained to him, her, or it to his, her or its satisfaction by his, her or its respective counsel.

14. **Voluntary Agreement.** Plaintiffs and the Defendants represent that they have read this Agreement or it has been read to them, and that they know and understand the full contents and the binding effect thereof. Further, Plaintiffs and the Defendants expressly acknowledge, understand and agree that they knowingly, consciously, freely and voluntarily entered into this Agreement with full knowledge of its significance, and each of them has not been coerced, threatened, or intimidated into signing this Agreement.

15. **No Presumption Against Drafter.** Plaintiffs and the Defendants hereto agree that the terms and language of this Agreement were the result of negotiations between them. In the event any ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Plaintiffs and the Defendants, and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

16. **Severability.** Plaintiffs and the Defendants agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth herein is deemed to be illegal, invalid or unenforceable in whole or in part, then the Shah Defendants' obligations under this Agreement shall be nullified.

17. **Integration.** Plaintiffs and the Defendants hereto acknowledge that no other party or any agent or attorney of any other party, or any person, firm, corporation, partnership, limited liability company or any other entity has made any promise, representation or warranty, whether express, implied or statutory, not contained or referred to herein, to induce the execution of this Agreement.

18. **Entire Agreement.** Except as expressly provided otherwise herein, this Agreement, including any addenda or exhibits attached hereto, contains the entire Agreement between Plaintiffs and the Defendants with respect to the subject matter hereof and supersedes all prior agreements, negotiations and oral understandings or representations concerning the subject matter hereof.

19. **Amendments.** This Agreement may not be amended, supplemented, or modified in any way, except by an amendment in writing and signed by authorized representatives of the Plaintiffs and the Defendants and except as otherwise provided herein, no amendment will be effected by the acknowledgement or acceptance of a form stipulating additional or different terms.

20. **Exhibits and Schedules.** All exhibits or schedules annexed hereto or expressly incorporated into this Agreement are hereby incorporated into this Agreement and made a part hereof as if set out in full in this Agreement. No Party shall use the fact of that the inclusion of any such item is included in a Schedule is or is not material for purposes of this Agreement.

21. **Successors and Assigns.** Except as otherwise expressly limited herein, this Agreement shall inure to the benefit of, and be binding upon each of the Plaintiffs and the Defendants and their respective legatees, executors, administrators, officers, directors, shareholders, members, principals, partners, agents, employees, personal representatives, successors, heirs, attorneys, insurers, assignees, all predecessor and successor companies, and all parent, subsidiary and other related or affiliated companies, their attorneys and the partners,

associates, members, of counsels, assignees and investigators of or for their attorneys, and any assigns, including any trustee appointed by a bankruptcy court during the pendency of any bankruptcy case.

22. **Waivers.** Any waiver by either the Plaintiffs or the Defendants may only be waived by a written instrument, signed by them, specifically describing such waiver. No waiver by either of them of any default, misrepresentation, or breach of warranty or covenant hereunder, whether intentional or not, shall be deemed to extend to any prior or subsequent default, misrepresentation, or breach of warranty or covenant hereunder or affect in any way any rights arising by virtue of any prior or subsequent such occurrence. Waiver of any one provision, or portion thereof, shall not be deemed to be a waiver of any other provision herein.

23. **Governing Law and Jurisdiction.** Plaintiffs and the Shah Defendants agree and consent that (i) this Agreement shall be governed by and construed according to the laws of the State of New York, without regard to the conflict of laws provisions thereof and each of them irrevocably and unconditionally submits to the Court's continuing jurisdiction of this matter, in the event the should the Court rules that it lacks jurisdiction of this matter, then they submit to the mandatory and exclusive jurisdiction of any state or federal court sitting in the State, City, and County of New York for the limited purpose of resolving any dispute arising out of or concerning this Settlement Agreement.

24. **Imaged Signatures.** This Agreement may be delivered to each signatory by facsimile or by email (with the Agreement and signatures imaged in a standard format such as Acrobat or TIF) and such delivery shall be effective and binding. The Plaintiffs and the Defendants acknowledge and agree that after execution and delivery by facsimile or email, additional copies of this Agreement may be circulated for signature so that each signing party will ultimately retain a fully executed original. The circulation of the additional copies for original signatures shall in no way diminish or affect the binding effect of the Agreement previously signed in counterparts and delivered by facsimile or email.

25. **Counterparts.** This Agreement may be executed in counterparts and as so executed shall constitute one agreement and shall be binding upon them, notwithstanding that all parties who are signatories do not appear on the same signature page.

26. **Headings.** All paragraph headings are stated for convenience only and shall not be considered in construing this Agreement.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**Plaintiffs:**

LEILA BOTAKHANOVA

By: _[signature]_ , individually

Dated: 6/16/2019

YULIA GRADOBOEVA

By: _[signature] 6/17/2019_ , individually

Dated:

INGA DOLGOVA

By: _____ , individually

Dated:

ELMIRA MUKHAMEDIANOVA

By: _____ , individually

Dated:

**Defendants:**

APPLE COMMUTER INC.

By: _____ , its _____

Dated:

BIREN J. SHAH

By: _____ , individually

Dated:

Plaintiffs:

LEILA BOTAKHANOVA

_____
By:_____, individually

Dated:

YULIA GRADOBOEVA

_____
By:_____, individually

Dated:

INGA DOLGOVA

_____*signature*_____
By:_____, individually

Dated: *11. 06. 2019*

ELMIRA MUKHAMEDIANOVA

_____
By:_____, individually

Dated:

Defendants:

APPLE COMMUTER INC.

_____
By:_____, its_____

Dated:

BIREN J. SHAH

_____
By:_____, individually

Dated:

Plaintiffs:

LEILA BOTAKHANOVA

_____

By:_____, individually

Dated:

YULIA GRADOBOEVA

_____

By:_____, individually

Dated:

INGA DOLGOVA

_____

By:_____, individually

Dated:

ELMIRA MUKHAMEDIANOVA

_____

By:_____, individually

Dated: 6.13.19

Defendants:

APPLE COMMUTER INC.

_____

By:_____, its_____

Dated:

BIREN J. SHAH

_____

By:_____, individually

Dated:

Plaintiffs:

**LEILA BOTAKHANOVA**

By: _____, individually

Dated:

**YULIA GRADOBOEVA**

By: _____, individually

Dated:

**INGA DOLGOVA**

By: _____, individually

Dated:

**ELMIRA MUKHAMEDIANOVA**

By: _____, individually

Dated:

Defendants:

**APPLE COMMUTER INC.**

By: *Biren Shah*, its *President*

Dated: June 9, 2019

**BIREN J. SHAH**

By: *Biren Shah*, individually

Dated: June 9, 2019

11

Defendants:

EDISON MANAGEMENT CO. LLC

*[signature]*

By: Michael Lefkowitz, its EVP

Dated: 6/21/19


18 WEST 25 STREET XYZ CORP.

By: Khandu Patel s/h/a Patel Khanbudai, its _____

Dated:


228 WEST 47 STREET JOHN/JANE DOE

*[signature]*

By: Edison Management Co., LLC
    , its _____

Dated: 6/27/19


237 WEST 54 STREET JOHN/JANE DOE

By:_____ , its _____

Dated:


Defendants:

PATEL KHANBUDHAI

By:_____ , individually

Dated:


18 WEST 25 STREET JOHN/JANE DOE

By: Khandu Patel s/h/a Patel Khanbudia, its _____

Dated:


228 WEST 47 STREET XYZ CORP

*[signature]*

By: Edison Management Co., LLC
    , its _____

Dated: 6/21/19


237 WEST 54 STREET XYZ CORP.

By:_____ , its _____

Dated:

**Defendants:**

EDISON MANAGEMENT CO. LLC

By: _____, its _____

Dated:

---

18 WEST 25 STREET XYZ CORP.

*/s/ KBPatel/*
By: Khandu Patel s/h/a Patel Khanbudai, its **Member Manager**
Dated: 6/12/19

---

228 WEST 47 STREET JOHN/JANE DOE

By: _____, its _____

Dated:

---

237 WEST 54 STREET JOHN/JANE DOE

By: _____, its _____

Dated:

---

**Defendants:**

PATEL KHANBUDHAI

*/s/ KBPatel/*
By: Khandubhai, individually
Dated: 6/12/19

---

18 WEST 25 STREET JOHN/JANE DOE

*/s/ KBPatel/*
By: Khandu Patel s/h/a Patel Khanbudia, its **Member Manager**
Dated: 6/12/19

---

228 WEST 47 STREET XYZ CORP

By: _____, its _____

Dated:

---

237 WEST 54 STREET XYZ CORP.

By: _____, its _____

Dated:

| | |
|---|---|
| 343 WEST 39 STREET JOHN/JANE DOE | 343 WEST 39 STREET XYZ CORP. |
| By:_____, its_____ | By:_____, its_____ |
| Dated: | Dated: |
| 237 WEST 54 OWNER LLC | HHLP DUO THREE LESSEE LLC |
| By: Michael Murray, its Authorized Signatory | By: Ashish Parikh, its Authorized Signatory |
| Dated: June 14, 2019 | Dated: June 14, 2019 |
| HHLP 52 LESSEE LLC | EXECUTIVE LE SOLEIL NEW YORK LLC |
| By: Ashish Parikh, its Manager | By:_____, its_____ |
| Dated: June 14, 2019 | Dated: |
| BRISAM MANAGEMENT DE LLC | S&G HOTEL CORP. |
| By: Ashish Parikh, its Manager | By:_____, its_____ |
| Dated: June 14, 2019 | Dated: |

| | |
|---|---|
| 343 WEST 39 STREET JOHN/JANE DOE | 343 WEST 39 STREET XYZ CORP. |
| By:_____, its _____ | By:_____, its _____ |
| Dated: | Dated: |
| 237 WEST 54 OWNER LLC | HHLP DUO THREE LESSEE LLC |
| By:_____, its _____ | By:_____, its _____ |
| Dated: | Dated: |
| HHLP 52 LESSEE LLC | EXECUTIVE LE SOLEIL NEW YORK LLC |
| By:_____, its _____ | By:_____, its _____ |
| Dated: | Dated: |
| BRISAM MANAGEMENT DE LLC | S&G HOTEL CORP. |
| By:_____, its _____ | By: *Betty Weg*, its President |
| Dated: | Dated: June 12, 2019 |

| EROS MANAGEMENT & REALTY LLC | THE SHOREHAM LLC |
|---|---|
| By:_____, its _____ | By:_____, its_____ |
| Dated: | Dated: |

| NEW GENERATION MANAGEMENT CORP. | 228 WEST 39 STREET JOHN/JANE DOE |
|---|---|
| By: Toral Patel, Esq. , its General Counsel | By:_____, its _____ |
| Dated: June 17, 2019 | Dated: |

4 West 31st Street Studios, Inc. (d/b/a Wolcott Hotel) and Wolcott Hotel Inc. (incorrectly s/h/a Wolcott Hotel Co., 4 West 31 Street John/Jane Doe, and 4 West 31 Street XYZ Corp.)

By:_____ , its _____

Dated:

EROS MANAGEMENT & REALTY LLC            THE SHOREHAM LLC

By:_____, its_____      By:_____, its_____

Dated:                                   Dated:


NEW GENERATION MANAGEMENT CORP.         228 WEST 39 STREET JOHN/JANE DOE

By:_____, its_____      By:_____, its_____

Dated:                                   Dated:


4 West 31st Street Studios, Inc. (d/b/a Wolcott Hotel) and Wolcott Hotel Inc. (incorrectly s/h/a Wolcott Hotel Co., 4 West 31 Street John/Jane Doe, and 4 West 31 Street XYZ Corp.)

*scott erlich*

By: Scott Erlich    ,    its managing partner

Dated:    06/18/2019