UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/25/2019
```

LEILA BOTAKHANOVA et al.,

        Plaintiffs,

– against –

APPLE COMMUTER INC. et al.,

        Defendants.

**ORDER**

17 Civ. 4296 (ER)

Ramos, D.J.:

    Plaintiffs filed suit against Apple Commuter Inc. ("Apple"), Biren J. Shah ("Shah"), and a bevy of hotels to recoup unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. Pending before the Court is Plaintiffs' application for court approval of a "Release and Settlement Agreement" between Plaintiffs, Apple, and Shah. Doc. 126–27. The Agreement would serve to dismiss the entire action with prejudice upon Apple and Shah's payment of $110,000 to Plaintiffs. *Id.* From the $110,000 payment, $36,667 (i.e., 33%) would be payable to Plaintiffs' counsel for attorneys' fees and costs. *Id.*

    On June 5, 2019, the Court rejected an earlier version of the proposed Agreement because it purported to absolve all defendants of liability for all potential claims, irrespective of a particular claim's genesis; and because it unreasonably precluded Plaintiffs from future employment with Apple and Shah. Plaintiffs have since filed a new Agreement that excludes the defects identified by the Court.

    In this circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). To warrant court approval of a proposed FLSA settlement agreement, the parties must satisfy the Court that the agreement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994 (ER), 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (quoting *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015)). In determining whether an agreement is both fair and reasonable, courts consider the totality of circumstances, including the following:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Beckert*, 2015 WL 8773460, at *1 (internal quotation marks omitted).

Here, after careful review of the Agreement and its accompanying submissions in light of the factors listed above, the Court concludes that the proposed Agreement, including the attorneys' fees and costs included therein, is fair and reasonable. The parties are directed to file their Stipulation of Dismissal, at which time the Court will order dismissal of the action.

It is SO ORDERED.

Dated:   June 25, 2019
         New York, New York

                                                        Edgardo Ramos, U.S.D.J.